# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI GONZALES, (aka Sharon Gonzales),<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01467-AWI-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S RESPONSE AS A MOTION FOR EXTENSION OF TIME<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO IDENTIFY DEFENDANTS DOES 1–50<br><br>(ECF No. 20)<br><br>**NINETY (90) DAY DEADLINE** |

Plaintiff Giovanni Gonzales, aka Sharon Gonzales, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's first amended complaint against Defendants Diaz, Song, Mitchell, and Does 1–50 in their official capacities for purposes of injunctive relief, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and for discrimination based on Plaintiff's transgender status under the Fourteenth Amendment's Equal Protection Clause.

On December 17, 2020, the Court directed Plaintiff to file a motion to substitute the identities of Defendants Does 1–50 that provides the Court with enough information to locate them for service of process, within ninety days. (ECF No. 16.)

Currently before the Court is Plaintiff's response, filed January 4, 2021.  (ECF No. 20.) The Court construes the response as a motion for extension of time to file a motion to substitute and finds that a response from Defendants is not necessary.  The motion is deemed submitted.  Local Rule 230(l).

In his motion, Plaintiff states that she contacted her mental health physician, Dr. Chris Glass, a staff psychologist at CCWF.  (ECF No. 20.)  Dr. Glass called around CCWF trying to reach someone who could give Plaintiff the names of Defendants Does 1–50, the physicians who sat in the committee along with Defendant Grace Song, who denied Plaintiff's SRS on February 5, 2019.  No one would give Dr. Glass this information, so Dr. Glass told Plaintiff he would probably have to 602 the information, and the 602 grievance process could take up to 6 months to hear from.  Plaintiff requests that the Court intervene with the above information Plaintiff gathered about Defendants Does 1–50, as their identities were never given to Plaintiff.  If the Court cannot help to get the information needed to identify the Doe Defendants, Plaintiff asks that she be given more time to do so because her housing unit is currently quarantined due to a COVID-19 outbreak.  (Id.)

In light of Plaintiff's efforts to obtain identifying information for Defendants Does 1–50, her current quarantine status, and because the original ninety-day deadline has not yet expired, the Court finds it appropriate to extend the deadline for Plaintiff to identify Defendants Does 1–50.  The Court finds that an additional ninety days, rather than six months, is appropriate.  The Court further finds that Defendants will not be prejudiced by the extension granted here.

If Plaintiff is unable to obtain identifying information for the Doe Defendants by the extended deadline, Plaintiff may file a renewed motion for extension of time that sets forth good cause for the request.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's response concerning the identities of Defendants Does 1–50, (ECF No. 20), is construed as a motion for extension of time;
2. Plaintiff's motion for extension of time, (ECF No. 20), is GRANTED;

///

3. Within **ninety (90) days** from the date of service of this order, Plaintiff SHALL either:
    a. File a file a motion to substitute the identities of Defendants Does 1–50 that provides the Court with enough information to locate them for service of process, or
    b. File a notice of dismissal of Defendants Does 1–50;
4. Any extension of the deadline set in this order must be sought from the Court before the deadline expires, and must be supported by a showing of good cause;
5. **If Plaintiff fails to comply with this order, the Court will dismiss any of the unidentified defendants from this action, without prejudice, for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **January 11, 2021**        /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE