# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI GONZALES (aka Sharon Gonzales),<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01467-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 25) |

Plaintiff Giovanni Gonzales, aka Sharon Gonzales, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Diaz, Song, Mitchell, and Does 1–50 in their official capacities for purposes of injunctive relief, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and for discrimination based on Plaintiff's transgender status under the Fourteenth Amendment's Equal Protection Clause.

Currently before the Court is a letter from Plaintiff, filed March 4, 2021, which the Court construes as a motion requesting appointment of counsel. (ECF No. 25.) Plaintiff states that he does not know how to receive an attorney, he is an indigent inmate, has written a lot of lawyers but has had no luck and COVID-19 has made it harder to obtain counsel to represent him. Plaintiff requests guidance as to what to do to request appointment of counsel, because not having an attorney is making it hard for him to keep up with the Court's orders. (Id.) Defendants have not had the opportunity to respond to the motion, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). The Court has considered Plaintiff's request and does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners, with limited financial resources and limited knowledge of the law, who are proceeding *pro se* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel. Finally, a review of the record in this case demonstrates that Plaintiff has been able to clearly articulate his claims without the assistance of counsel.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 25), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 8, 2021**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

2