# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI GONZALES (aka Sharon Gonzales), <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*, <br><br> Defendants. | Case No.  1:19-cv-01467-AWI-BAM (PC) <br><br> ORDER REQUIRING THE PARTIES TO SHOW CAUSE WHY ACTION SHOULD NOT BE STAYED <br><br> (ECF No. 23) <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff Giovanni Gonzales, aka Sharon Gonzales, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Diaz, Song, Mitchell, and Does 1–50 in their official capacities for purposes of injunctive relief, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and for discrimination based on Plaintiff's transgender status under the Fourteenth Amendment's Equal Protection Clause.

On March 1, 2021, Defendants filed a motion to dismiss this action as moot. (ECF No. 23.) Defendants argue that since filing this lawsuit, Plaintiff has been approved for gender affirming surgery ("GAS"),[1] thereby mooting his claim for relief for that surgery and his request

---

[1] In 2018, when CDCR revised its Supplement to the Gender Dysphoria Care Guide, CDCR replaced the term "sex reassignment surgery (SRS)" with "gender affirming surgery (GAS)."

1

for declaratory relief regarding CDCR's GAS policies. Defendants contend that the Court therefore lacks jurisdiction over Plaintiff's claims for relief in this case, and the case must be dismissed. (*Id.*) Plaintiff has not yet filed a response or opposition to the motion to dismiss.[2]

Defendants argue that Plaintiff's claims are moot now that he has been *approved* for GAS. Without deciding the issue, the Court notes that Plaintiff's first amended complaint specifically seeks "injunctive relief enjoining Defendants to provide Plaintiff with medically necessary surgeries to treat his significant distress from gender dysphoria[.]" (ECF No. 12, p. 5.) The complaint does not, however, merely seek approval for the surgery. According to the motion to dismiss, Defendants have at this time approved Plaintiff for surgery, but it has not yet been performed.

In light of this distinction, and in light of the fact that Plaintiff seeks only injunctive and declaratory relief in this action, the Court finds that it would be beneficial to obtain responses from the parties as to whether this case is more appropriately stayed, rather than dismissed, until Plaintiff's gender affirming surgery is completed.

Accordingly, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, the parties SHALL each submit written responses regarding whether this action should be stayed pending completion of Plaintiff's surgery.

IT IS SO ORDERED.

Dated:   **September 28, 2021**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

---

Defendants have used GAS, while Plaintiff uses SRS in his filings. The terms may be used interchangeably.

[2] Plaintiff did file several motions following Defendants' motion to dismiss, which remain pending before the Court. (*See* ECF Nos. 27, 28.)