# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI GONZALES (aka Sharon Gonzales),<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01467-AWI-BAM (PC)<br><br>ORDER DISCHARGING SEPTEMBER 28, 2021 ORDER TO SHOW CAUSE (ECF No. 29)<br><br>ORDER STAYING ACTION PENDING COMPLETION OF PLAINTIFF'S SURGERY<br><br>ORDER DIRECTING DEFENDANTS TO FILE STATUS REPORTS REGARDING PLAINTIFF'S SURGERY<br><br>**NINETY (90) DAY DEADLINE** |

Plaintiff Giovanni Gonzales, aka Sharon Gonzales, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Diaz, Song, Mitchell, and Does 1–50 in their official capacities for purposes of injunctive relief, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and for discrimination based on Plaintiff's transgender status under the Fourteenth Amendment's Equal Protection Clause.

On March 1, 2021, Defendants filed a motion to dismiss this action as moot, arguing that since the filing of this lawsuit, Plaintiff has been approved for gender affirming surgery, thereby mooting his claims for injunctive and declaratory relief. (ECF No. 23.) Noting that Plaintiff is

seeking only injunctive and declaratory relief in this action, but that the request was for completion of the surgery, rather than merely approval, the Court issued an order to show cause directing the parties to submit written responses regarding whether this action should be stayed pending completion of Plaintiff's surgery. (ECF No. 29.)

Plaintiff filed a response on October 22, 2021. (ECF No. 30.) Plaintiff argues that his case is not moot because he has only been approved for surgery, but the surgery has not been completed yet. Plaintiff otherwise does not address whether this action should be stayed. (*Id.*)

Defendants' filed a response on October 28, 2021. (ECF No. 31.) Defendants do not oppose a stay of proceedings pending completion of Plaintiff's surgery. Defendants state that Plaintiff's request for surgery has already been approved by CDCR and is anticipated to be scheduled and completed in due course, as per the outside treating surgeon's schedule and recommendation. (*Id.*)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any stay against the strength of the justification given for it." *Id.*

Based on the apparent agreement of the parties, and the fact that completion of Plaintiff's gender affirming surgery may moot the remaining claims in this action, the Court finds that a stay of further proceedings would promote judicial economy and efficiency by eliminating the risk of moot proceedings, and will conserve the resources of the Court and the parties. Defendants will be directed to file regular status reports updating the Court as to the status of Plaintiff's surgery. Alternatively, the parties may file a stipulation for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) at any time.

Accordingly, it is HEREBY ORDERED as follows:

1. The September 28, 2021, order to show cause, (ECF No. 29), is DISCHARGED;
2. The instant action is STAYED pending completion of Plaintiff's gender affirming surgery, including all pending motions;
3. Defendants shall file a status report within **ninety (90) days** from the date of service of this order, and every **ninety (90) days** thereafter, addressing the status of Plaintiff's surgery; and
4. At any time, upon completion of Plaintiff's surgery or by agreement of the parties, the parties may file a stipulation for voluntary dismissal.

IT IS SO ORDERED.

Dated:   **November 1, 2021**              /s/ Barbara A. McAuliffe            _
                                           UNITED STATES MAGISTRATE JUDGE