# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI GONZALES (aka Sharon Gonzales),<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01467-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 28)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Giovanni Gonzales, aka Sharon Gonzales, ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Diaz, Song, Mitchell, and Does 1–50 in their official capacities for purposes of injunctive relief, for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment, and for discrimination based on Plaintiff's transgender status under the Fourteenth Amendment's Equal Protection Clause.

**I.     Motion for Preliminary Injunction**

On March 30, 2021, Plaintiff filed a document titled "Motion for a Court Order to Enforce (CCWF) to Give Plaintiff 4 Hours a Week Law Library Access," which the Court construes as a motion for a preliminary injunction. (ECF No. 28.) Plaintiff states that due to COVID-19, he has been hindered in getting adequate access to the law library at CCWF to properly represent himself in this action. As Plaintiff requested that the Court appoint him an attorney and the request was denied, Plaintiff argues that without proper representation and adequate ability to access the law

1

library, Plaintiff is being subjected to a due process violation under the Fourteenth Amendment. Plaintiff therefore requests a Court order forcing CCWF, Plaintiff's current institution, to give Plaintiff 4 hours per week of law library access. (*Id.*)

As the deadline for Defendants to file a response or opposition to Plaintiff's motion has expired and the stay of this action has now been lifted, (ECF No. 39), the motion is deemed submitted. Local Rule 230(l).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. Although Plaintiff's complaint has been screened and found to state cognizable claims, this does not mean that Plaintiff has shown a likelihood of success on the merits. In addition, although Defendants are sued in their official capacities, Defendants are being sued in relation to Plaintiff's claims regarding his medical treatment and discrimination claims. The Court lacks jurisdiction over Defendants for the purposes of ordering them to grant Plaintiff a particular number of hours of access to the law library at his institution, and further lacks jurisdiction over any staff at CCWF with the authority to grant such access.

To the extent Plaintiff argues that he continues to lack sufficient access to the law library to litigate this action, he may file a motion, supported by good cause, seeking an extension of time to meet a specific deadline.

## II.   Order and Recommendation

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 28), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 10, 2022**          /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

3