UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIOVANNI GONZALEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>        Defendants. | Case No.: 1:19-cv-1467 JLT BAM<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 42, 48) |

      Giovanni Gonzalez seeks to hold the defendants liable for violations of his civil rights pursuant to the Eighth and Fourteenth Amendments, asserting the defendants were deliberately indifferent to his serious medical needs and discriminated against Plaintiff based upon his status as a transgender male. (*See generally* Doc. 12.)  Defendants moved to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, asserting that "Plaintiff's claims for injunctive and declaratory relief—the only relief sought in this action—are moot."  (Doc. 42 at 1.)  In addition, Defendants asserted the claim for declaratory relief was "barred by the *Plata v. Newsom* class action." (*Id.*)

      The magistrate judge took judicial notice of Plaintiff's medical records, which indicated the CDCR approved Plaintiff's request for gender affirming surgery and the surgery was completed on September 2, 2022.  (Doc. 48 at 6.)  The magistrate judge observed that "Plaintiff does not dispute that his request for injunctive relief as to providing him with [gender affirming surgery] is now moot."  (*Id.*

1

at 8.) The magistrate judge found that because Plaintiff's received the requested procedure, "there is no longer a 'case or controversy' before the Court." (*Id.*, citing *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981).) The magistrate judge determined the Court no longer has jurisdiction over the claims raised. (*Id.* at 8-9.) In addition, the magistrate judge found that even if the Court retained jurisdiction, "Plaintiff's claim for declaratory relief regarding the GAS policy is barred by the *Plata v. Newsom* class action, because "the system relief he seeks would … be duplicative of … the relief sought in *Plata*." (*Id.* at 9, citing *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013).) Therefore, the magistrate judge recommended Defendants' motion to dismiss be granted and the action be dismissed without prejudice. (*Id.* at 10.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 48 at 10.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated (Doc. 48) are **ADOPTED** in full.
2. Defendants' motion to dismiss (Doc. 42) is **GRANTED**.
3. The action is **DISMISSED** without prejudice, for lack of subject matter jurisdiction.
4. The Clerk of Court is directed to terminate any pending motions and deadlines, and to close this case.

IT IS SO ORDERED.

Dated:   **March 29, 2024**

UNITED STATES DISTRICT JUDGE